**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Docket No. 2:21-cr-00185-NT |
| | ) | |
| TYLER STREETER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

Defendant Tyler Streeter has filed a motion to dismiss the Indictment in this case ("**Def.'s Mot.**") (ECF No. 28), arguing that the statute that he is accused of violating cannot constitutionally be applied to these facts. For the reasons stated below, the motion is **DENIED**.

Tyler Streeter, who at the time of the charged conduct was a 26-year-old New York resident, is alleged to have driven a sixteen-year-old girl, M.Z., from Maine to New York where he allegedly engaged in sexual intercourse with M.Z. Indictment (ECF No. 3); United States' Opp'n to Def.'s Mot. to Dismiss ("**Gov't's Opp'n**") 1–2 (ECF No. 31). Mr. Streeter was subsequently indicted for a violation of a federal statute, 18 U.S.C. § 2423(a), which is part of the Mann Act. Indictment. This federal statute makes it illegal to "knowingly transport[ ] an individual who has not attained the age of 18 years in interstate . . . commerce . . . with intent that the individual engage in . . . any sexual activity for which any person can be charged with a criminal offense." 18 U.S.C. § 2423(a). It thus piggybacks on state laws governing criminal sexual conduct. In this case, the relevant "criminal offense" that establishes the predicate for the alleged § 2423(a) violation is New York Penal Law § 130.25, which

prohibits adults over the age of twenty-one from engaging in sexual intercourse with children under the age of seventeen. N.Y. Penal Law § 130.25(2).

The Defendant points out that this same prohibition (sexual intercourse with a child under seventeen) does not exist under Maine law and that the conduct in which he is alleged to have engaged (sexual intercourse with a sixteen-year-old girl) is not a crime in Maine. Def.'s Mot. 1. He thus objects to being charged pursuant to § 2423(a) for bringing M.Z. from Maine to New York when he could not have been charged under that statute for bringing M.Z. from New York to Maine for the same purpose. Def.'s Mot. 1–2. He asserts (with no citation) that this is a violation of the Equal Protection Clause because he has been denied "the same protections against allegations of illicit sexual conduct in New York as exist in Maine." Def.'s Mot. 2. And he asserts (again with no citation) that this is a violation of the Due Process Clause because "the crime charged is arbitrary and capricious." Def.'s Mot. 2.

The Defendant's equal protection argument is undeveloped and otherwise without merit. "Ordinarily, a law survives an equal protection challenge if the distinction it draws is 'rationally related to a legitimate government interest.'" *United States v. Montijo-Maysonet*, 974 F.3d 34, 44 (1st Cir. 2020) (quoting *United States v. Vaello-Madero*, 956 F.3d 12, 18 (1st Cir. 2020)).[1] The Defendant argues that "there is no reasonable justification for punishing someone for transporting a 16-year-old minor from Maine to New York with the intent to engage in sexual activity, when

---

[1]     The Defendant makes no argument that he is a member of a protected class entitled to heightened scrutiny.

that same trip, in reverse would not be criminal." Mem. in Resp. to Gov't's Resp. ("**Def.'s Reply**") 2 (ECF No. 33). To the extent that the Defendant is making a claim that there is no rational basis that supports the statute as drawn, it fails. As the Government explains, Congress sought to legislate broadly to protect children from sexual predators. Gov't Opp'n 4–5. Section 2423(a) is a permissible and rational means of doing so. *Cf. United States v. Ríos-Rivera*, 913 F.3d 38, 44 (1st Cir. 2019) (finding that § 2423(a)'s prohibition on intrajurisdictional transportation of a minor within Puerto Rico—but not within the States—survived rational basis review).

The Defendant's due process argument fares no better. A statute runs afoul of the Due Process Clause if it is unconstitutionally vague—that is, if it "fails to provide a person of ordinary intelligence fair notice of what is prohibited, or is so standardless that it authorizes or encourages seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008); *accord Johnson v. United States*, 576 U.S. 591, 595 (2015) ("[T]he Government violates [the Due Process Clause] by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement.").

The Defendant argues that "a person of ordinary intelligence" must be able to "discern a reasonable justification for the gross disparity of treatment between individuals from Maine and from New York." Def.'s Reply 2. That is not the law. A criminal statute need only be clear in how it applies. *See Williams*, 553 U.S. at 304 ("A conviction fails to comport with due process if the statute under which it is

3

obtained fails to provide a person of ordinary intelligence fair notice of what is *prohibited* . . . ." (emphasis added)). The broad language in § 2423(a) ("any sexual activity for which any person can be charged with a criminal offense") clearly encompasses state criminal laws, including New York Penal Law § 130.25. As such, there is no serious argument that § 2423(a) fails to provide a person of ordinary intelligence with fair notice of what it prohibits.

The Defendant contends that § 2423(a) "authorizes and even encourages arbitrary or discriminatory enforcement between states with different ages of consent." Def.'s Reply 3. Enforcement is unconstitutionally "arbitrary" where the inquiry under a statute is "indetermina[te]," *Johnson*, 576 U.S. at 597, meaning that it is an open question to whom the statute applies. A statute is not arbitrary where some individuals can be charged under the statute while others cannot be. All statutes proscribe some conduct while leaving other conduct untouched. And § 2423(a)'s application to Mr. Streeter's case is anything but indeterminate. It is obvious that § 2423(a) criminalizes the transportation by any adult of any sixteen-year-old child to New York from another state for the purpose of engaging in sexual intercourse. Nor is § 2423(a) so standardless as to encourage seriously discriminatory enforcement.

As the Government points out, the argument that a federal gambling statute violated the Due Process Clause because it depended on "varying state laws" has been rejected by the First Circuit. *See United States v. Morrison*, 531 F.2d 1089, 1093 (1st Cir. 1976) ("Congress is empowered to enact statutes which incorporate state laws by

4

reference, and it is not required to achieve national uniformity in every exercise of the commerce power."). The Defendant makes no attempt to distinguish *Morrison* or otherwise argue why its reasoning would not govern here.

## CONCLUSION

For the reasons stated above, the Court **DENIES** the Defendant's motion.


SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 31st day of March, 2022.